## LAW OFFICES OF CHARLES J. PIVEN, P.A.
THE WORLD TRADE CENTER ◊ BALTIMORE

CHARLES J. PIVEN
MARSHALL N. PERKINS

SUITE 2525
401 EAST PRATT STREET
BALTIMORE, MARYLAND 21202

Telephone (410) 332-0030
Facsimile (410) 685-1300
Email pivenlaw@erols.com

RECEIVED IN THE OFFICE OF
ANDRE M. DAVIS

MAR 05 2001

UNITED STATES DISTRICT JUDGE

March 2, 2001

RECEIVED IN THE OFFICE OF ANDRE M. DAVIS MAR 05 2001 UNITED STATES DISTRICT JUDGE

The Honorable Andre M. Davis
United States District Court
   For the District of Maryland
520 Garmatz United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    *Shreve, et al. v. Sears, Roebuck & Co., et al.*,
            Civil Action No. AMD 00-2162 (U.S.D. Md.)

Dear Judge Davis:

    Our firm represents Plaintiffs in the above-referenced matter. The purpose of this letter is Plaintiffs' unopposed request for a continuance of the current trial date in the *Shreve* case for the reasons below.

    The current Scheduling Order sets a trial date for the two-week period beginning May 7, 2001. Given the current schedule for briefing dispositive motions, Plaintiffs do not believe that a trial date in early May is logical or efficient. Under the current schedule, the first dispositive motion is due to be filed by Defendants on or before March 5, 2001; presumably, the opposition thereto and Plaintiffs' dispositive motion will be filed about March 19th; thereafter, the subsequent opposition/reply will be filed, presumably, around April 2nd; finally, the last reply will presumably be filed on or about **April 16th**. Assuming, for example, a **May 7th trial date**, pursuant to Rule 26(a)(3), the parties' pre-trial exhibit and witness disclosures will be due on **April 7th**. As the dispositive motions that the parties intend to file may eliminate some or many issues from trial, it makes little sense, from an efficiency perspective, for the parties to be designating exhibits and witnesses prior to the resolution of the dispositive motions.

    Quite obviously, Plaintiffs do not have the same financial resources as Defendants, for whom duplicative or unnecessary litigation costs are not unduly burdensome. Additionally, if the Court does not timely grant the requested continuance, it becomes especially difficult and costly to postpone and attempt to re-schedule expert testimony at the last minute.

15309

The Honorable Andre M. Davis
March 2, 2001
Page 2

      Further, to the extent that the Court's ruling on dispositive motions will clarify the issues to be tried, and, therefore, may cause the parties to re-evaluate their respective positions on the value of the Shreves' claims, it makes sense that if the parties wish to submit to mediation, it occur only (immediately) following the Court's ruling on the dispositive motions (and, hopefully, prior to the expense and effort of Rule 26(a)(3) disclosures and other trial preparation).

      Put simply, given the posture of this litigation, an early May trial date no longer makes sense for all concerned— the Court, the parties, counsel. Pursuant to the LOCAL RULES, our clients have consented to (and desire) the requested continuance. Further, Defendants have indicated that they do not oppose the requested continuance; a copy of Mr. Harvey's letter demonstrating that fact is attached hereto as Exhibit 1.

      Indeed, the foregoing assumes a "best case" scenario in terms of trying this matter as quickly as possible. For example, both Plaintiffs and Defendants (through pending motions and other filed papers) have raised the possibility that, under certain circumstances, the respective parties would seek additional discovery. Should such a request be granted, then obviously the May trial date likely becomes an actual impossibility.

      Plaintiffs thank Your Honor for the Court's attention to this matter. Please contact the parties' counsel with any questions.

                                                      Respectfully yours,

                                                      Marshall N. Perkins

Attachment

cc:     Clerk of the Court *(two copies)*
         Jack L. Harvey, Esquire
         Mr. & Mrs. James A. Shreve

15309

The Honorable Andre M. Davis
March 2, 2001
Page 3

**IT IS SO ORDERED**, this _5th_ day of March, 2001, that the trial date in the above-referenced case is hereby continued pending further order of Court.

_____
The Honorable Andre M. Davis

15309

WHARTON LEVIN EHRMANTRAUT KLEIN & NASH

A PROFESSIONAL ASSOCIATION

ATTORNEYS AT LAW

104 WEST STREET

P. O. BOX 551

ANNAPOLIS, MARYLAND 21404-0551

(410) 263-5900

JACK L. HARVEY

OUTSIDE MARYLAND
800-322-1984

FACSIMILE
(410) 263-1562

E-MAIL
JLH@WLEKN.COM

February 27, 2001

**VIA FACSIMILE AND FIRST CLASS MAIL**
Marshall N. Perkins, Esq.
Law Offices of Charles J. Piven, P.A.
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD 21202

Re:   *James A. Shreve, et ux. v. Sears, Roebuck and Co., et al.*

Dear Marshall:

I have spoken to my clients about a continuance of the May 7, 2001 trial date. They will not oppose a continuance of that trial date. However, before proposing any new trial dates to the Court, we will need to compare dates as there are certain weeks during the next several months during which I or necessary Defendant representatives are unavailable for trial.

Very truly yours,

Jack L. Harvey

JLH:lss

::ODMA\GRPWISE\ANNAPOLIS.ANNA.WLEKNLIB:48072.1

**EXHIBIT 1**

SUITE 800-400 EAST PRATT STREET-BALTIMORE, MARYLAND 21202